Jahotman SIHOTANG, Petitioner,

v.

Michael B. MUKASEY, Attorney General, Respondent.

No. 06–70905.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 17, 2008.*

Filed Dec. 26, 2008.

Albert C. Lum, Esquire, Law Offices of Albert C. Lum, Pasadena, CA, for Petitioner.

CAC–District Counsel, Esquire, Office of the District Counsel Department of Homeland Security, Los Angeles, CA, Richard M. Evans, Esquire, Assistant Director, DOJ–U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: GOODWIN, WALLACE, and RYMER, Circuit Judges.

### MEMORANDUM **

Jahotman Sihotang, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's decision denying his application for asylum, withholding of removal, protection under the Convention Against Torture ("CAT"), and cancellation of removal. Our jurisdiction is governed by 8 U.S.C. § 1252. Reviewing for substantial evidence, *Nagoulko v. INS,* 333 F.3d 1012, 1015 (9th Cir.2003), we deny in part and dismiss in part the petition for review.

The record does not compel the conclusion that changed or extraordinary circumstances excused the untimely filing of Sihotang's asylum application. *See* 8 C.F.R. § 1208.4(a)(4), (5); *Ramadan v. Gonzales,* 479 F.3d 646, 656–58 (9th Cir.2007) (per curiam). Accordingly, Sihotang's asylum claim fails.

■ Substantial evidence supports the agency's denial of withholding of removal because Sihotang's experiences did not constitute past persecution and Sihotang failed to establish that it was more likely than not that he will be persecuted if he returns to Indonesia. *See Hoxha v. Ashcroft,* 319 F.3d 1179, 1184–85 (9th Cir. 2003).

■ Substantial evidence also supports the agency's determination that Sihotang is not entitled to CAT relief because he failed to establish that it is more likely than not that he will be tortured if he returns to Indonesia. *See Malhi v. INS,* 336 F.3d 989, 993 (9th Cir.2003).

■ With respect to cancellation of removal, we lack jurisdiction to review Sihotang's challenge to the agency's discretionary determination that he failed to show exceptional and extremely unusual hardship to his children. *See Martinez–Rosas v. Gonzales,* 424 F.3d 926, 929–30 (9th Cir.2005). Sihotang's contention that the agency denied him due process by misapplying the law to the facts is not supported by the record and does not amount to a colorable due process claim. *See id.* at 930.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

